IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HARRINGTON CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 322-042 |
| | ) | |
| U.S. ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, currently awaiting deportation to Jamaica at the Stewart Detention Center in Lumpkin, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss the petition. Petitioner opposes the motion, (doc. nos. 19, 22, 23), and has filed multiple other motions attempting to stay his deportation. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 17), the petition be **DISMISSED** for lack of jurisdiction, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

**I.    BACKGROUND**

Petitioner is a native and citizen of Jamaica whose was admitted to the United States as a lawful permanent resident at Miami, Florida on October 1, 1982. (Doc. no. 10-1, Eccles Decl., ¶¶ 3, 4.) Petitioner was convicted and sentenced in 2008 in the United States District Court for the District of Maryland to a total sentence of 190 months, later reduced to 120

months, for his participation in a drug conspiracy and structuring financial transactions violations. (Id. ¶¶ 5, 6.) Petitioner was ordered to be removed to Jamaica by an Immigration Judge in August of 2017, and he was so removed on June 28, 2018. (Id. ¶¶ 7, 8.) When officials encountered Petitioner on June 9, 2019 in a vessel approximately ten miles off the coast of Florida, he was processed for expedited removal, but he claimed fear of return to Jamaica. (Id. ¶ 9.) An Immigration Judge conducted a hearing on June 26, 2019, rejected Petitioner's claims, affirmed the decision of the immigration officer, and returned the case to the Department of Homeland Security (DHS) to remove Petitioner; he was then convicted of illegal re-entry of a removed alien and sentenced in the Southern District of Florida to forty-one months in prison on May 27, 2020. (Id. ¶¶ 10-12.)

While held by the Bureau of Prisons (BOP), Immigration and Customs Enforcement (ICE)/Office of Enforcement and Removal Operations (ERO) issued a Form I-860 charging Petitioner as inadmissible under § 212(a)(7)(B)(i)(II) of the Immigration and Nationality Act (INA), and personally served Petitioner with the Notice and Order of Expedited Removal on April 21, 2022. (Id. ¶ 14.) The Form explained Petitioner's status as a nonimmigrant who was not in possession of a valid nonimmigrant visa or border crossing identification card when he applied for admission. (Id.) BOP released Petitioner into the custody of ICE/ERO on June 3, 2022, and he is subject to removal in accordance with the order of the Immigration Judge who held the June 26, 2019 hearing. (Id. ¶¶ 10, 15; doc. no. 17-1, Aguilar Decl., ¶ 3.) Petitioner is currently detained at Stewart Detention Center pursuant to § 235(b)(1) of the INA, and ICE/ERO initiated a request for travel documents for Petitioner on June 13, 2022. (Aguilar Decl., ¶¶ 4, 5.)

As the Court explained when Petitioner first filed this case, although the title of his petition states he is filing a challenge to a removal order, his claims are difficult to decipher because he also references multiple criminal actions in both the Fourth and Eleventh Circuit Courts of Appeal.  (Doc. no. 4 (citing In Re: Campbell, No. 22-1429 (4th Cir. Apr. 21, 2022) and United States v. Campbell, No. 20-12147 (11th Cir. June 12, 2020).)  In response, Petitioner stated his "primary request" is an injunction halting ICE proceedings while he challenges his prior and pending removal proceedings.  (See doc. no. 5.)  Further muddying the waters, Petitioner filed a document requesting to withdraw his § 2241 petition and "resubmit" an amended filing challenging ICE proceedings that would "concentrate[e] on his specific argument and grant."  (Doc. no. 14.)  Although the arguments submitted are far from specific, it is clear Petitioner is challenging his immigration proceedings.  (See id. at 2-3 (explaining Petitioner made "on record" claims during his immigration proceedings that if properly interpreted by the immigration judge would have prevented his deportation and would void his 2020 conviction for illegal re-entry).  In a nutshell, Petitioner appears to contend his original deportation was a mistake, his subsequent conviction for illegal reentry is therefore invalid, and the ICE/EOR should be ordered to halt his pending removal proceedings.

Respondent moves to dismiss Petitioner's case, arguing the Court lacks jurisdiction over claims involving removal of an alien.  (Doc. no. 17.)  After first asking to waive his right to respond to the motion to dismiss, (doc. no. 18), Petitioner filed fifty-one pages in support of his request to stay ICE removal proceedings while he moves to reopen his prior immigration proceedings, (see doc. no. 19).  Petitioner subsequently requested to withdraw his motion to waive his response to the motion to dismiss, (doc. no. 21), and filed two more

3

documents which further solidify the conclusion Petitioner is seeking to challenge his ICE removal proceedings.[1] (See doc. no. 22 (citing Ibrahim v. Acosta, No. 17-cv-24574, 2018 WL 582520 (S.D. Fla. Jan. 26, 2018) for proposition that Court has jurisdiction to stay removal proceedings)[2]; doc. no. 23 (arguing his prior removal was illegal, the immigration judge applied an improper analysis evaluate whether Petitioner had committed an aggravated felony or crime of violence, and should the Eleventh Circuit overturn his illegal re-entry conviction, then he is not subject to removal).)

## II.    DISCUSSION

### A.    Attempt to Challenge Underlying Conviction

For the sake of completeness, and to the extent a liberal construction of Petitioner's filings could be considered as an attempt to challenge his 2020 conviction in the Southern District of Florida for illegal reentry, the Court lacks jurisdiction to do so.  While a § 2241 petition may be available to challenge the execution of his sentence, once the direct appellate proceedings have concluded, a challenge to the fundamental validity of an underlying conviction or sentence is properly brought in a motion to vacate, set aside, or correct a

---

[1]The Court has considered all the information in the record in making its recommendation.

[2]The subsequent history of the case from Southern District of Florida reveals that the court ultimately determined it did not have jurisdiction to stay removal proceedings once the petitioners had sufficient time to file motions to reopen their proceedings in the immigration court.  See Ibrahim v. Acosta, No. 17-cv-24574, 2019 WL 1206327, at *3 (S.D. Ga. Mar. 14, 2019).  The "unique circumstances" which initially allowed a brief stay of removal proceedings in Ibrahim are not present here.  Indeed, Petitioner has had sufficient time to pursue a multitude of appeals in the Fourth and Eleventh Circuits as described above, as well as in the Ninth Circuit.  (See doc. no. 20-1, docket for Campbell v. Garland, No. 22-1123 (9th Cir. June 29, 2022) (appeal from Bd. of Immigration Appeals, No. A037-753-706)).  The Court has authority to take judicial notice of court records, including records of other federal courts regarding Petitioner's other attempts at habeas relief.  United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); Moore v. Estelle, 526 F.2d 690, 694 (5th Cir. 1976).

sentence pursuant to 28 U.S.C. § 2255. Here, Petitioner's direct appeal is still pending in the Eleventh Circuit. United States v. Campbell, No. 20-12147 (11th Cir. June 12, 2020). Moreover, even once the direct appeal proceedings conclude, a § 2255 motion must be filed in the court of conviction, which in this instance is the Southern District of Florida. See § 2255(a); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Unit A Apr. 27, 1981).

Accordingly, the Court lacks jurisdiction to consider the validity of his 2020 conviction.

### B.     Attempt to Stop Removal

Although the Court has carefully considered all of Petitioner's allegations in his multiple filings, the undersigned concludes Petitioner has simply provided these details in support of his ultimate request that the Court stay and/or terminate the removal proceedings currently pending against Petitioner. The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 ("REAL ID Act"), amended the judicial review provisions of 8 U.S.C. § 1252 to provide that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . [which includes] habeas corpus review pursuant to section 2241 of Title 28." 8 U.S.C. § 1252(a)(5). Indeed, Petitioner is apparently aware of this restriction, as in 2018 he applied to the Eleventh Circuit to stay his removal and review the Decision of the Board of Immigration Appeals in his case, A037-753-706, but his request was denied. Campbell v. U.S. Att'y Gen., No. 18-10411-A (11th Cir. Mar. 14, 2018), *rec'd denied*, Apr. 20, 2018. Section 1252(g) also limits habeas corpus jurisdiction, including under § 2241, to prohibit the court from "having jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision of action by the Attorney General to

5

commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

As the presiding District Judge in this case long ago explained:

> Section 1252 plainly divests this Court of any jurisdiction to entertain a collateral challenge to a final order of removal; in short, "[t]he provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases." Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1360 (11th Cir. 2005). Therefore, to the extent Petitioner is challenging a final order of removal, he has filed his petition in the wrong court.

Paz-Carranza v. Pugh, No. CV 306-033, 2006 WL 2444083, at *2 (S.D. Ga. Aug. 22, 2006) (Bowen, J.); see also Gozo v. Chertoff, No. CV 308-101, 2009 WL 73152, at *2 (S.D. Ga. Jan. 6, 2009) (Bowen, J.) (same). This principle continues to be consistently applied years later. See Fagan v. United States, No. CV 419-319, 2021 WL 4343406, at *2 (S.D. Ga. Sept. 2, 2021), *adopted by* 2021 WL 4343598 (Moore, J.) (granting motion to dismiss challenge to removal order because jurisdiction rests in the Court of Appeals); see also Priva v. U.S. Att'y Gen., 34 F.4th 946, 948 (11th Cir. 2022) (adjudicating petition for direct review in Court of Appeals of Final Administrative Removal Order and adverse reasonable fear determination issued during petitioner's expedited removal proceedings as an alien convicted of an aggravated felony under INA, 8 U.S.C. § 1228(b)).

In sum, "the exclusive mechanism for judicial review is a petition for review filed with the appropriate court of appeals." Jean-Pierre v. U.S. Att'y Gen., 500 F.3d 1315, 1321 (11th Cir. 2007) (citations omitted). Stated otherwise, "The provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases." Balogun, 425 F.3d at 1360. This

6

Court is without jurisdiction to address Petitioner's claims, and the motion to dismiss should be **GRANTED**.

### III.     CONCLUSION

As the Court lacks jurisdiction over Petitioner's claims, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 17), the petition be **DISMISSED** and all pending motions **TERMINATED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 18th day of July, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA